IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOANNA LARUE ELLIS, Deceased DOD 8/08/2017 by PATRICIA ELLIS-SWANSON, Her mother and next of kin and personal representative of Estate of Joanna Larue Ellis;<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES, and U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendants. | **8:19CV501**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

This is a wrongful death action in which Plaintiff alleges that her daughter died because the Department of Veterans Affairs did not commit her to a VA hospital for treatment and safekeeping. Attached to Plaintiff's Complaint is a claim-denial letter, dated September 30, 2019, in which the VA concluded there was no negligent or wrongful act on the part of its employees. This action was filed on November 18, 2019, which was timely under 28 U.S.C. § 2401(b).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *28* U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

Liberally construing Plaintiff's Complaint, an actionable claim for relief is stated under the Federal Tort Claims Act ("FTCA"), which confers exclusive jurisdiction upon United States district courts over civil actions for money damages alleged to have been caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. §§ 1346(b) & 2674. However, the United States is the only proper defendant in an action asserting a FTCA claim. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are

2

cognizable under [the FTCA]....”); *F.D.I.C. v. Meyer,* 510 U.S. 471, 476-77 (1994); *Duncan v. Department of Labor,* 313 F.3d 445, 447 (8th Cir. 2002).

## III.  CONCLUSION

The court makes a preliminary determination that Plaintiff’s complaint states a claim upon which relief may be granted under the FTCA. This action therefore will proceed to service as against the United States.[1]

IT IS ORDERED:

1.     The Department of Veterans Affairs is dismissed as a party defendant.

2.     For service of process on the United States, the Clerk of Court is directed to complete two (2) summons forms and two (2) USM-285 forms for such Defendant using these addresses:

> United States Attorney for the District of Nebraska
> 1620 Dodge Street, Suite 1400
> Omaha, NE 68102-1506
> Attn: Civil Process Clerk
>
> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

3.     The Clerk of Court shall forward the summons forms and USM-285 forms together with two (2) copies of the Complaint (Filing No. 1) and two (2) copies

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, “**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**.” *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve the United States at the above-listed addresses by:**

> **(A)(i)** deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> **(ii)** send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> **(B)** send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Federal Rule of Civil Procedure 4(i).

4.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5.    Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

6.    Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 20th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4