IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA ELLIS-SWANSON, mother and next of kin and personal representative of ESTATE OF JOANNA LARUE ELLIS,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | 8:19-CV-501<br><br>MEMORANDUM AND ORDER |

  This Federal Tort Claims Act (FTCA) case is before the Court on the government's motion to dismiss for lack of subject-matter jurisdiction (filing 12). The government's motion will be granted.

BACKGROUND

  The plaintiff lodged a tort claim with the Department of Veterans Affairs in 2019, alleging that the VA's negligence in releasing her daughter from a VA hospital led to her daughter's drug-related death. Filing 13-1 at 4. The VA processed the claim and denied it, determining that the VA had not been negligent. Filing 13-1 at 10. The plaintiff timely sued the United States asserting the same claim. Filing 1. After initial review of this *pro se* case, the Court permitted service of process. Filing 6.

  The United States moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting that the plaintiff failed to properly present her claim to the VA. *See* filing 14. Specifically, the United States has presented evidence that the plaintiff did not provide the VA with proof of her capacity to act as personal

representative of her daughter's estate. Filing 13-1 at 1-2. The plaintiff did not respond to the government's motion to dismiss. As a result, the facts asserted by the United States are uncontested. *See* NECivR 7.1(b)(1)(C).

STANDARD OF REVIEW

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Conversely, in a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, may be considered. *Id.* at 914.

This case presents a factual attack. Filing 14. Thus, the plaintiff does not enjoy the benefit of the allegations in her pleadings being accepted as true by the reviewing court. *Id.*

DISCUSSION

The United States argues that because the plaintiff failed to present the VA with evidence of her authority to represent her daughter's estate, her claim wasn't properly presented and the Court lacks subject-matter jurisdiction. *See* filing 14. The Court agrees.

The Eighth Circuit's *en banc* decision in *Mader v. United States* is squarely on point. 654 F.3d 794, 800-08 (8th Cir. 2011) (en banc). In that case,

the plaintiff alleged that the VA's negligent treatment of her husband's mental illness led to his suicide, and she lodged that claim with the VA. *Id*. at 798-99. But she did not submit "evidence of [her] authority to present a claim on behalf of the claimant" as required. *Id*. at 799 (citing 28 C.F.R. § 14.2(a)). The VA denied the claim, both on those grounds and on the merits. *Id*.

The Court of Appeals found that the claim had not been properly presented to the VA before suit was filed, as required by 28 U.S.C. § 2675(a). *Mader*, 654 F.3d at 808. Specifically, the Court of Appeals held that "a properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." *Id*. at 803. Moreover, the Court of Appeals held that "strict compliance with § 2675(a) is a jurisdictional prerequisite to suit under the FTCA." *Id*. at 805; *see also Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020); *Knight-Bey v. Polsi*, No. 8:19-CV-331, 2020 WL 5106814, at *2 n.3 (D. Neb. Aug. 31, 2020). Finding that compliance lacking, the Court of Appeals concluded that the suit had properly been dismissed for want of subject-matter jurisdiction. *Mader*, 654 F.3d at 808.

The same is unfortunately true here: it is undisputed that the plaintiff did not present the VA with evidence of her authority to assert a claim on behalf of her daughter under Nebraska law—specifically, that she was properly appointed as personal representative of the estate. *See In re Estate of Panec*, 864 N.W.2d 219, 225 (Neb. 2015); *In re Estate of McConnell*, 943 N.W.2d 722, 732 (Neb. Ct. App. 2020), *review denied* (June 25, 2020); *see also Weatherly v. Blue Cross Blue Shield Ins. Co.*, 513 N.W.2d 347, 352 (Neb. Ct. App. 1994). Absent that compliance with § 2675(a), the claim was not properly presented, and this Court lacks subject-matter jurisdiction. *Mader*, 654 F.3d at 808.

Accordingly,

IT IS ORDERED:

1. The United States' motion to dismiss (filing 12) is granted.

2. The plaintiff's complaint is dismissed.

3. A separate judgment will be entered.

Dated this 23rd day of October, 2020.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge